## OWENS et ux. v. WRIGHT. (No. 726.)

Court of Civil Appeals of Texas. Waco.
Nov. 8, 1928.

Rehearing Denied Dec. 13, 1928.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiffs in error.

John W. Pope and J. L. Zumwalt, both of Dallas, for defendant in error.

BARCUS, J. This suit was instituted by appellee, as receiver for United Home Builders of America, to recover the balance due on a loan of $2,975, secured by a deed of trust lien on certain property in Harrison county. The cause was tried to a jury, and, at the conclusion of the testimony, the trial court instructed a verdict for defendant in error for the amount due on said note, together with a foreclosure of the lien on said property.

■ Plaintiffs in error by their first proposition contend that the court was in error in instructing the jury to return a verdict for the full amount of the unpaid note, because it was shown by the uncontradicted testimony that the property was their homestead, and that it acquired said note for $2,200, and that it was not therefore entitled to foreclose a lien on their homestead for more than it paid for the mechanic's lien note. We overrule this proposition. The record shows without dispute that plaintiffs in error, in October, 1921, executed a mechanic's lien on said property to secure a note for $3,750, and, in order to take up said note, the note in controversy, dated December 15, 1921, payable $35 per month, was executed, and the mechanic's lien was transferred to defendant in error, and a deed of trust to secure same was executed and delivered by plaintiffs in error, which recited that the $2,975 note was in renewal and in extension of said $3,750 mechanic's lien note. There was no issue raised by the pleadings of appellant with reference to the genuineness of the mechanic's lien or about the defendant in error's having made the loan in question for the purpose of taking same up and extending the time of payment. While appellant pleaded that the United Home Builders agreed to give him credit for any amount of the loan not used by it in purchasing the mechanic's lien, he did not offer any testimony in support thereof. Neither did he claim in his testimony that he did not receive the full benefit of said loan. On the other hand, appellee offered in evidence a letter written by appellant Geo. W. Owens in January, 1922, after the lien had been transferred to the United Home Builders, acknowledging that the entire amount of the loan had been paid out by the United Home Builders for his use and benefit. If the defendant in error purchased said note for less than its face value, same would not inure to the benefit of plaintiffs in error. They would still owe the entire debt. Plaintiffs in error neither by their pleadings nor proof claimed to have paid the mechanic's lien note or that the defendant in error purchased same at a discount for their benefit.

■ By their second proposition plaintiffs in error contend that the trial court should have submitted to the jury the issue as to the amount they had paid on said note; their contention being that the evidence showed they had paid $560. We overrule this contention. Plaintiff in error George W. Owens testified he had made twelve payments, for which he was entitled to credit, which, at $35 each, would be $420. The note was credited with $315, and the court instructed the jury to allow a credit of $105, the balance he claimed to have paid, and a further credit of $175, which defendant in error admitted to be just. It therefore appears that the plaintiffs in error have been allowed credit for more than they claim to have paid.

■ By their third and last proposition plaintiffs in error contend that the trial court

should have submitted to the jury the issue as to whether the consideration given for the $2,975 note had failed to the extent of $738.50, their contention, as shown by their pleadings, being that, since the defendant in error only paid $2,236.50 for the $3,750 mechanic's lien note, the consideration for the $2,975 note had failed to the extent of $738.50, the difference between the amount it paid for said note and the note given by plaintiffs in error. We overrule this contention. Plaintiffs in error do not claim in their pleadings or testimony that they did not owe $2,975 on the mechanic's lien note, or that they were in anyway entitled to the benefit of any bargain obtained by the defendant in error in the purchase thereof. The undisputed facts in the record show that the plaintiffs in error had given their mechanic's lien note for $3,750, and that the note in controversy for $2,975 was given for the purpose of taking up, renewing, and extending said note. There is in the statement of facts a letter written by George W. Owens, plaintiff in error, at the time the transaction was finally closed in January, 1922, stating specifically that he had received credit for the full amount of the loan, giving the items which had been paid out of same at his request and for his benefit. There was no evidence raising the issue of a failure of consideration with reference to said note, or any portion thereof, and said issue should not therefore have been submitted to the jury.

The foregoing are the only propositions presented by plaintiffs in error. We do not think there is any merit in any of them, and same are overruled. The judgment of the trial court is affirmed.